NOT FOR PUBLICATION

FILED

AUG 10 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| AXHI GUZE, | No. 08-72775 |
| Petitioner, | Agency No. A099-653-260 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 2, 2011[**]
San Francisco, California

Before: HUG, SKOPIL, and BEEZER, Circuit Judges.

Axhi Guze ("Guze") is a native and citizen of Macedonia. He seeks asylum,

withholding of removal, and protection under the United Nations Convention

Against Torture ("CAT"). The immigration judge ("IJ") found Guze not to be

credible, and the Board of Immigration Appeals ("BIA") affirmed the IJ.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

The facts are known to the parties. We do not repeat them here.

We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny Guze's petition.

We review an IJ's adverse credibility finding for substantial evidence. "[S]o long as one of the identified grounds is supported by substantial evidence . . . we are bound to accept the IJ's adverse credibility finding." *Li v. Ashcroft*, 378 F.3d 959, 964 (9th Cir. 2004).

Substantial evidence supports the IJ's adverse credibility finding because during the merits hearing to adjudicate petitioner's application, several inconsistencies surfaced that proved fatal to Guze's credibility.

First, Guze gave inconsistent accounts about when he joined the Democratic Party (DPA). During his credible fear interview, Guze stated he joined the party in 2001, but during the merits hearing Guze testified that he joined the DPA a full three years earlier, in 1998. This is not a small discrepancy, since Guze's membership in the DPA is the primary – if not sole – basis for his persecution claim. This is not the sort of date confusion that might cause us to reverse an adverse credibility determination. *See Shrestha v. Holder*, 590 F.3d 1034, 1044 (9th Cir. 2010) (noting that under the REAL ID Act, an inconsistency may support

an adverse credibility determination as long as the inconsistency is not so trivial that "under the total circumstances [it has] no bearing on a petitioner's veracity").

There were also significant inconsistencies regarding when and why the police began harassing Guze. Guze initially stated that the police began targeting him in 1998, but the documentary evidence he provided indicates that the police did not begin their harassment until after 2000, when his son joined the National Liberation Army. Because the police did not start their scrutiny until after Guze's son joined an armed guerilla organization, it is entirely plausible that the police searches were for legitimate law enforcement-related reasons (i.e., to search for arms). Additionally, while Guze claims that he was jailed in 1998, his wife testified that Guze was arrested in 2001. This is a key discrepancy because it not only casts doubt on whether the police targeted Guze before 2000, but also casts doubt on the reasons Guze offers about why the police came to his home.

Finally, Guze provided inconsistent answers regarding his alleged detainment on account of his political activity. During his credible fear interview Guze stated categorically that he had not been jailed, and Guze made no mention of any detainment in his asylum application. However, in his testimony during the merits hearing, Guze claims for the first time that the police jailed him because of

his politics. Guze's answer, that he misinterpreted the meaning of "jail," even if plausible, does not fully account for the omission in the first place.

In sum, any one of these inconsistencies, standing alone, would be sufficient to support the IJ's adverse credibility finding. Taken together, the IJ's finding must stand.

We also affirm the IJ's decision to deny Guze withholding of removal. When applying for withholding of removal, an alien bears the burden of showing that his or her "life or freedom would be threatened in such country on account of race, religion, nationality, membership in a particular social group, or political opinion." INA § 241(b)(3)(A). The Supreme Court has interpreted this provision to require "a clear probability of persecution" on one of the five enumerated grounds in the Act. *I.N.S. v. Stevic*, 467 U.S. 407, 413 (1984). Therefore, an alien who seeks withholding of removal must show that it is "more likely than not" that she will face persecution if returned to her country of removal. *Id*. at 429-30. This standard is more onerous than the standard an applicant must meet under asylum. *Al Harbi v. I.N.S.*, 242 F.3d 882, 888-89 (9th Cir. 2001). Because we conclude that substantial evidence supports the IJ's adverse credibility finding, we conclude that Guze also failed to establish eligibility for withholding of removal. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Similarly, Guze's CAT claim must also fail. Where a CAT claim is based on testimony that an IJ has found to be not credible, and there is no other evidence that would independently support a finding that the applicant is likely to be tortured if returned to his country of removal, an alien is not eligible for relief. *See id.* at 1156-57.

**DENIED.**